## LUTHER HILL *vs.* NATHAN HERSEY.

This court has power, under its general superintendence and jurisdiction, as a court of
chancery, of all cases arising under the insolvent law, to expunge the proof of a fraudu-
lent claim against the estate of an insolvent debtor, on the petition of his assignee, who
did not know of the fraud until the expiration of the time allowed by law for an appeal
from the allowance of the claim by the commissioner of insolvency.

PETITION of the assignee of Otis M. Hunter, an insolvent
debtor, representing that, at the first meeting of the creditors of
Hunter, on the 20th of September 1853, Nathan Hersey " pre-
sented and proved against the said Hunter's estate a certain
promissory note, signed by the said Hunter, bearing date March
25th 1851, and payable to said Hersey or his order on demand,
with interest, for the sum of one hundred and forty dollars ; that
the petitioner has since been informed and verily believes that
said note was given without consideration, and that the same
was obtained by the said Hersey for the purpose of procuring
his election as assignee of said Hunter's estate. And the peti-
tioner further says, that these facts did not come to his knowledge
till after the time, allowed for an appeal from the decree of the
commissioner allowing said claim, had elapsed. Wherefore he
prays that said claim may be expunged from the list of claims
proved against said estate, and that such further order may be
made relative thereto as to equity and justice may appertain."
The petition concluded with a prayer for a subpœna to be
directed to Nathan Hersey, which was issued. And he appeared
and filed a general demurrer to the petition.

*P. E. Aldrich*, for the respondent, relied on *Palmer* v. *Dayton*, 4 Cush. 270.

*F. H. Dewey*, for the petitioner.

THOMAS, J. Upon the facts stated in the petition, and which upon demurrer are taken to be true, the proof of the claim ought to be expunged. The note was without consideration, and given and proved for a fraudulent purpose.

The facts were not known to the assignee in season to enable him to enter an appeal within the time prescribed by law, and no provision is made in the statute of 1838, *c.* 163, or the acts in addition thereto, by which the failure of a party to claim an appeal or enter it in the appellate court can be remedied on petition to such court. *St.* 1838, *c.* 163, § 4. *Palmer* v. *Dayton*, 4 Cush. 270. In cases at common law, where such failure occurs through mistake or accident, and without default of the party, relief is furnished by the Rev. Sts. *c.* 81, §§ 34, 35, 36; *c.* 82, §§ 21, 22, 23; in appeals from the probate courts by Rev. Sts. *c.* 83, §§ 39, 40, 41.

The only question is, whether the court has jurisdiction of the petition, under the eighteenth section of *St.* of 1838, *c.* 163. That section provides that this court shall have a general superintendence and jurisdiction, as a court of chancery, of all cases arising under the insolvent act, and that it shall have power in all cases, not otherwise specially provided for in the act, upon the bill, petition or other proper process of any party aggrieved by any proceedings under the act, to hear and determine the case as a court of chancery, and to make such decree therein as law and justice shall require. The language of the section is broad and comprehensive, and was made so with a view to supply defects of process and remedy, which it was reasonably presumed would be developed in the administration of a new and comprehensive system of law. *Harlow* v. *Tufts*, 4 Cush. 448.

The provisions for appeal in the fourth section furnish a wholly inadequate remedy against the proof of false and groundless claims. The time of appeal is limited to ten days, and no degree of diligence on the part of assignees would enable them to detect the frauds committed in the proof of claims, and to file

their appeals within the time limited. Especially is this true, where the creditors are numerous, and the accounts of the debtor complicated and involved. Beside the cases of fraudulent proofs, there are frequent cases of innocent error or mistake. Indeed, it is quite plain to those having any acquaintance with the practical operation of bankrupt or insolvent laws, that the existence of the power to expunge proof of debts is necessary to their just administration. The case of the petitioner is, we think, fairly within the scope of the provisions of the eighteenth section, and one in which it is competent for us to furnish relief by making such order therein as law and justice require.

It may further be suggested, that in giving this court jurisdiction as a court of equity in all cases arising under the insolvent laws, the power to expunge the proof of claims passed as incident to such equity jurisdiction. Under the English bankrupt laws, until the statute of 6 Geo. 4, *c.* 16, § 60, the power of expunging proofs was vested solely in the Lord Chancellor upon petition. That statute gives the commissioner but a limited authority Archb. Bankr. 165, 166. *Ex parte Graham*, 1 Rose, 456. *Clarke* v. *Capron*, 2 Ves. Jr. 666. Mont. Bankr. Laws, (3d ed.) 106, 311.

In the case of *Palmer* v. *Dayton*, cited by the respondent, the appeal was taken, and there was an omission to enter it at the proper term of the court, through forgetfulness or mistake. Upon petition for leave to enter it at a subsequent term, it was held that there was no authority for so doing. The petitioners had an adequate remedy, and lost it by neglect. They took their appeal and failed to prosecute it. Whether the suggestion of Mr. Justice Wilde, in delivering the opinion of the court, that the petitioners would not have been entitled to relief under *St.* 1838, *c.* 163, § 18, would furnish a rule for future cases, it is not necessary to determine. This petition rests on an entirely distinct ground, the power of the court, under its equity jurisdiction over insolvent proceedings, to expunge the proof of a fraudulent claim, where, from the nature of the case, there was no remedy by appeal.　　　　　　　　*Demurrer overruled.*